**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MICHAEL KREMERS, | No. 23-35209 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01717-IM |
| v. | |
| HAGERTY INSURANCE AGENCY, LLC; ESSENTIA INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted October 23, 2024[**]
Portland, Oregon

Before: LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Oregon law mandates certain minimum coverage for uninsured motorists in all motor vehicle liability insurance policies. Oregon Revised Statutes ("ORS") 742.504(1)–(12). If a policy provides less favorable coverage than the statutory

---

[*]	This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]	The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

model policy, Oregon courts invalidate the offending exclusion/provision and require coverage. In our case, there is no dispute that the insurance policy at issue would not normally provide coverage because it does not cover the vehicle involved in the accident. The insured, however, still argues that he is entitled to coverage because a part of an exclusion that is irrelevant to the facts of the case provides less favorable coverage than the model policy. We disagree and hold that for a claimant to benefit from Oregon's minimum coverage scheme under ORS 742.504, the allegedly less favorable part of the challenged provision must implicate the facts of the claimant's case.

Michael Kremers was struck by an uninsured motorist and sought medical care for his injuries. At the time of the accident, Kremers was insured under a motor vehicle liability policy for each of his two cars: (1) Travelers Commercial Insurance Company covered his 2008 Mercedes 350, and (2) Essentia Insurance Company insured his 1965 Alfa Romeo Spider. Kremers was driving the Mercedes at the time of the accident. Kremers first sought Uninsured Motorist ("UM") coverage from Travelers, which paid his policy's limits. Kremers then sought UM coverage from Essentia, which denied his claim because the Essentia policy covered only his Alfa Romeo Spider and not his Mercedes. Kremers sued, and the district court granted summary judgment in favor of Essentia. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's order granting summary judgment and may affirm on any ground supported by the record. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150–51 (9th Cir. 2019). "Statutory interpretation presents a question of law, which we also review de novo." *Id.* (citations omitted).

The Oregon Supreme Court set forth the overarching framework for analyzing Oregon's model UM statute in *Vega v. Farmers Insurance Co. of Oregon*, 918 P.2d 95 (1996). *See Batten v. State Farm Mut. Auto. Ins. Co.*, 495 P.3d 1222, 1224–25 (Or. 2021) (en banc). As *Vega* notes, the Oregon legislature has set out "a comprehensive model" policy of UM coverage at ORS 742.504(1)–(12). 918 P.2d at 101. The statute requires policies to provide UM "'coverage that *in each instance is no less favorable in any respect* to the insured or the beneficiary than if' those model policy terms 'were set forth in the policy.'" *Batten*, 495 P.3d at 1224 (quoting ORS 742.504) (emphasis added).

Kremers does not dispute that the Essentia policy excluded his Mercedes, the vehicle involved in the accident, under the policy's "Regular Use Exclusion."[1] Rather, Kremers argues that the Regular Use Exclusion is otherwise broader—and

---

[1] The Regular Use Exclusion states:

"Uninsured Motorist Coverage" does NOT cover "bodily injury" or "property damage" sustained by an "insured" or any person . . . [t]hat occurs while "occupying", operating or otherwise using any vehicle owned by, or furnished or available for the regular use of you, a "family member" or any other person related to you who resides with you, if that vehicle is not "your covered auto."

3

thus less favorable—than ORS 742.504 permits. Specifically, Kremers argues that the Regular Use Exclusion excludes newly acquired and substitute vehicles from coverage, while the statutory model includes them at ORS 742.504(2)(d)(A). Therefore, Kremers argues that the Regular Use Exclusion is unenforceable under ORS 742.504 and he is entitled to coverage—even though the Mercedes was *not* a newly acquired or substitute vehicle. Kremers thus argues that the allegedly less favorable part of the provision he is challenging need not implicate the facts of his case for the provision to be unenforceable under ORS 742.504.

Kremers is mistaken for several reasons. First, the plain language of ORS 742.504 indicates that we must look at the specific facts of a case—not the policy in the abstract—to determine whether a policy is "less favorable" than the statutory model. This is because the statute mandates UM coverage that "*in each instance* is no less favorable in any respect" than the statutory model policy's coverage. ORS 742.504 (emphasis added); *see Vega*, 918 P.2d at 100–01. An "instance" means an "example or occurrence," *Black's Law Dictionary* (12th ed. 2024), or "an individual illustrative of a category," *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/instance (last visited Oct. 15, 2024). Thus, in the insurance context, an "instance" of coverage means a specific instance or case in which

4

coverage attaches.[2]

Next, the statute itself confirms this reading of ORS 742.504 through its use of the word "insured." ORS 742.504(2)(c)(A) defines "insured" as "[t]he named insured as stated in the policy." In other words, "the insured" in the statute refers to an actual claimant in an actual claim, not to any potential person in a potential claim. And a policy must provide UM coverage which is not less favorable to *that claimant* than the statutory minimum, judging by if the statutory model provisions were set forth in *that claimant*'s policy. Here, Kremers' coverage is the same whether under his policy or the statutory model policy.

Finally, a close reading of *Vega* also confirms this approach. *Vega* held that in construing ORS 742.504, "the intent of the legislature . . . controls." 918 P.2d at 102 (citations omitted). The legislature's intent was to "protect[] . . . automobile insurance policyholder[s] against the risk of inadequate compensation" and to "place the injured policyholder in the same position he would have been in if the tortfeasor had had liability insurance." *Id.* at 103 (citations omitted). Yet the challenged part of a UM provision that does not implicate the facts of the case cannot, logically

---

[2] The alternative that Kremers suggests would read the phrase "in each instance" out of the statute, because "in any respect" already captures the requirement that a UM policy may not be less favorable than the statutory model generally, in the abstract. "If the legislature desires to restrict the scope of coverage that the statute contemplates, it does not lack the linguistic tools necessary to achieve that outcome." *Carrigan v. State Farm*, 949 P.2d 705, 708 (Or. 1997).

speaking, impact the policyholder's "position." *See id.* at 103 n.13. Rather than preventing "inadequate compensation," knocking out an exclusion on this sort of abstract basis would provide the insured windfall coverage for which the parties never contracted.

Together, these principles confirm that Kremers did not receive "less favorable" coverage under the Essentia policy than ORS 742.504 permits. Even if the policy had contained the statutory model provisions, Kremers would not have been covered here because he was not driving a newly acquired or substitute vehicle at the time of the accident. Accordingly, Essentia was entitled to deny UM benefits under the policy's Regular Use Exclusion, and the judgment of the district court should be

**AFFIRMED.**